IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN L. HANCOX, JR.,
          Plaintiff,

v.                                Civil Action No. 3:17-cv-00255-JAG

ELLEN MARIE HESS, Commissioner,
and DAVID AISTROP,
          Defendants.

## MEMORANDUM OPINION

The pro se plaintiff brings this suit against Ellen Hess, in her official capacity as the Commissioner of the Virginia Employment Commission (the "VEC"), and David Aistrop. The plaintiff says that the defendants wrongfully found him ineligible for unemployment benefits and then wrongfully garnished his tax returns to pay back unemployment funds that the VEC had overpaid him. Aistrop moved to dismiss this case, noting that the body of the complaint never even mentions him. Hess moved to dismiss because the plaintiff fails to state a cognizable claim. The plaintiff failed to respond to the motions to dismiss, and the Court grants the motions because Hancox fails to state a claim in his frivolous complaint.

## I. BACKGROUND

Hancox's former employer, NIBCO Inc. ("NIBCO") terminated him on January 28, 2015. He received unemployment payments for three weeks, but NIBCO then disputed his right to unemployment. The VEC determined that Hancox did not qualify for unemployment and cancelled the benefits. The final date to appeal that decision passed on October 21, 2015, and Hancox did not appeal. On February 4, 2016, the VEC determined that it had overpaid Hancox for $1,134 worth of unemployment benefits. The VEC notified Hancox that he could appeal the decision in Virginia circuit court by March 2016. Hancox never served a petition for judicial

review. For the past two years, the Virginia Department of Taxation has intercepted Hancox's tax return to pay his debt owed to the VEC. Hancox has filed multiple appeals through the VEC about the tax intercepts, but the state has affirmed the intercept in each instance.

Hancox says that federal judges may review the decisions of local agencies where a plaintiff raises an issue of constitutional law. Giving Hancox the broadest latitude in interpreting his complaint, he says that the VEC did not give him due process (1) when it determined he did not qualify for unemployment and (2) when the VEC intercepted his tax refunds. The rambling complaint also discusses *Terry* stops, character evidence, exculpatory *Brady* evidence, defamation, and NIBCO's OSHA requirements. The body of the complaint does not mention Aistrop

Since filing the complaint, the defendant has also filed an array of improper motions including two motions for summary judgment, an incomprehensible motion entitled "Rule 4," a "Request Access to Update The Side Bar," and a "Motion To the Court: Pandora's Box of Law."

## II. DISCUSSION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where, as here, a defendant brings a motion to dismiss for failure to state a claim, the Court must analyze the plaintiff's complaint to determine whether it states sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 (2007)). When considering the complaint itself, courts must accept all allegations as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v.*

*Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). In cases where the plaintiff appears pro se, courts do not expect the plaintiff to frame legal issues with the clarity expected from lawyers. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts do not, however, need to discern the unexpressed intent of the plaintiff or conjure up issues on the plaintiff's behalf. *See Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006); *Beaudett*, 775 F.2d at 1276.

The Court dismisses the frivolous complaint because it fails to state any cognizable claim—federal or otherwise.

First, the complaint never mentions defendant David Aistrop, aside from naming him as a defendant. The Court grants Aistrop's motion to dismiss because Hancox does not attempt to plead a cause of action against him and because Hancox did not respond to the motion to dismiss.

Next, Hancox takes issue with Hess and the VEC for (1) the VEC's 2015 process in determining that he did not qualify for unemployment and (2) the process of intercepting his tax refund. Giving the pro se litigant the broadest possible leeway and interpreting these as due process claims, they both fail based on the documents Hancox attaches to his complaint. First, the VEC held a hearing to determine that Hancox did not qualify for unemployment, sent him a letter notifying him of his right to appeal, and he did not appeal. Second, Hess sent a letter to Hancox letting him know that the VEC held a hearing on his tax-intercept appeal. Hess notes that Hancox did not participate. In his complaint, Hancox does not dispute these notices and appeals, but instead complains that the VEC only communicates with him over the phone. Hancox cannot state a claim based on these facts because the process outlined in the documents attached to Hancox's complaint complies fully with the requirements of due process. *See*

*Brewer v. Cantrell*, 622 F. Supp. 1320, 1326 (W.D. Va. 1985), *aff'd*, 796 F.2d 472 (4th Cir. 1986). The plaintiff may bring any available appeals in state court, but he fails to state a federal claim and has failed to respond to the defendants' motions to dismiss.

The Court dismisses any federal claims with prejudice and any state claims without prejudice.

It is so ORDERED.

Let the Clerk send a copy of this Memorandum Opinion to the pro se plaintiff via U.S. mail.

Date: <u>June 12, 2017</u>
Richmond, VA

/s/
John A. Gibney, Jr.
**United States District Judge**